IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDGAR HARUTYUNYAN,

        Plaintiff,

v.

MAGIS, LLC d/b/a
DOUBLE G CONSTRUCTION, CORP.,

        Defendants.

Case No. _____

**NOTICE OF REMOVAL**

TO: THE CLERK OF THE ABOVE-ENTITLED COURT, United States District Court, Middle District of Florida, Orlando Division, George C. Young Federal Annex Courthouse, 401 West Central Boulevard, Orlando, Florida 32801:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Magis LLC ("Defendant" or "Magis"), incorrectly named herein as "Magis, LLC d/b/a Double G Construction Corp." hereby removes to the United States District Court, Middle District of Florida, Orlando Division, the state court action described below. The basis for removal is Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331.

1. On May 24, 2023, Magis was served with Plaintiff Edgar Harutyunyan's ("Plaintiff") Summons and Complaint filed in the Ninth Judicial Circuit in and for Orange County, Florida entitled *Edgar Harutyunyan v. Magis, LLC d/b/a Double G Construction, Corp.*, Court File No.: 2023-ca-011529-O.

2. Pursuant to 28 U.S.C. 1446(a), attached hereto as Exhibit A is a true copy of Plaintiff's Summons and Complaint.

3. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims because Counts V of Plaintiff's Complaint purports to state a claim under federal law. The facts supporting this statement are set out in Paragraphs 8-9, below.

4. Alternatively, pursuant to 28 U.S.C. § 1332, this Court could properly exercise original jurisdiction over the claims asserted in the above-described state court action because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is an action between citizens of different states. The facts supporting these statements are set out in Paragraphs 10-16 below.

5. This Court is the District Court of the United States for the district and division embracing the place where the state court action is pending (*i.e.*, Orange County), and is therefore the appropriate court for removal pursuant to 28 U.S.C. §1441(a).

6. Magis was served with the Summons and Complaint on May 24, 2023. This Notice of Removal is being timely filed within thirty (30) days of service of the Summons and Complaint. 28 U.S.C. §1446(b).

7. Pursuant to 28 U.S.C. § 1446(d), Magis will serve upon Plaintiff, and promptly file with the clerk of the Ninth Judicial Circuit in and for Orange County, Florida a Notice of Filing Notice of Removal to Federal Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## Federal Question Jurisdiction

8. Plaintiff has asserted a claim against Magis for violation of the Fair Labor Standards Act, 29 U.S.C. §201. (Ex. A, Complaint, ¶¶ 1, 65-73) Cases stating a claim under the Fair Labor Standards Act can be removed on the basis of Federal Question Jurisdiction. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 699, 123 S. Ct. 1882, 1887 (2003)

9. Accordingly, removal is appropriate in this case.

## Diversity Jurisdiction

<u>DIVERSITY OF CITIZENSHIP</u>

10.     Although this matter is properly removed on the basis of Federal Question Jurisdiction, this action also involves controversy between citizens of different States.

11.     Plaintiff is alleged to be a Florida resident and is therefore a citizen of Florida for jurisdiction purposes. (Ex. A, Complaint, ¶ 3)

12.     Magis is a Minnesota Limited Liability Company with its principal place of business in the State of Minnesota. (*See* Exhibit B). Magis has just three members, all of which are residents of and domiciled in the state of Minnesota, and therefore are each citizens of the State of Minnesota for jurisdiction purposes. As such, Magis is a citizen of the State of Minnesota for jurisdiction purposes.

13.     While the Complaint alleges that Magis is a Florida Corporation, there is no evidence to support that claim. Magis is not and has never been a citizen of the State of Florida for jurisdiction purposes. Specifically, Magis has never been a Florida Corporation and has never conducted business from a place of business in Palm Beach County Florida.

14.     Thus, there is complete diversity of citizenship between the parties.

<u>AMOUNT IN CONTROVERSY</u>

15.     Plaintiff's Complaint alleges that Plaintiff has been damaged by Magis's conduct in an amount that exceeds $450,000.00. (Ex. A, Complaint, ¶ 20)

16.     Based on the foregoing, Plaintiff's alleged damages, although disputed by Magis, total in excess of $75,000, exclusive of interest and costs.

CERTIFICATION UNDER FEDERAL RULES OF CIVIL PROCEDURE

17. Attached hereto as Exhibit C and Exhibit D are the Civil Cover Sheet and Standing Case Management Plan/Order. No other papers have been docketed in the State Court.

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, this action, pending in the Ninth Judicial Circuit in and for Orange County, Florida, is properly removed to this Court by Magis LLC pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: June 13, 2023                                    Respectfully submitted,

/s/ Shirin M. Vesely
Shirin M. Vesely, FBN 967459
svesely@trenam.com
rvalente@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN, FRYE, O'NEILL & MULLIS, P.A.
200 Central Ave., Suite 1600
St. Petersburg, FL 33701
Telephone (727) 820-0835
Facsimile (720) 822-8048

and

Michael E. Obermueller
*Pro Hac Vice* Applicant
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: 612-604-6400
Facsimile: 612-604-6800
mobermueller@winthrop.com

*Attorneys for Magis LLC*